UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR RAMIREZ,

                    Plaintiff,

-v.-

CAFÉ ROYALE RESTAURANT INC. et al.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/31/2025

22 Civ. 09684 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

On March 8, 2024, the Court entered a default judgment against the Defendants in this action, Café Royale Restaurant Inc., Ramon Cuaya, and Jerry Cuaya (collectively, "Defendants"). *See* ECF No. 27. The same day, the Court referred the matter to Magistrate Judge Stewart D. Aaron for an inquest as to damages. *See* ECF No. 28.

Before the Court is the Report and Recommendation of Judge Aaron recommending that the Court award Plaintiff (1) $16,240.00 in unpaid minimum wages; (2) $176,928.00 in overtime wages; (3) $21,558.00 in unpaid "spread of hours" premiums; (4) $214,726.00 in liquidated damages under the New York Labor Law; (5) $10,640.00 in attorneys' fees; and (6) $583.50 in costs, for a total award of $440,675.50 in actual and liquidated damages, attorneys' fees, and costs. *See* ECF No. 37 at 15. Additionally, pursuant to C.P.L.R. 5001 and 5004(a), the Report and Recommendation recommended awarding Plaintiff statutory pre-judgment interest at a rate of 9% on the sum of $214,726.00 (representing Plaintiff's liquidated damages under the New York Labor Law) from May 26, 2019 to the entry of judgment. *See id.* at 9-10, 15.

The Report and Recommendation notified the parties that they would "have fourteen (14) days . . . from service of this Report and Recommendation to file written objections." *Id.* at 16. The Report and Recommendation also cautioned that "**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND**

**W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* (emphasis in original).  No objections have been filed.  For the reasons set forth below, the Court finds no clear error in Judge Aaron's recommendation and adopts the Report and Recommendation in its entirety.

## BACKGROUND[1]

On November 14, 2022, Plaintiff Victor Ramirez filed the instant action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.*, and 650 *et seq.*  ECF No. 1.  On November 25, 2022, Defendants Jerry Cuaya and Ramon Cuaya were served with process.  ECF Nos. 6, 7.  On November 28, 2022, Defendant Cafe Royale Restaurant Inc. was served with process.  ECF No. 8.  Defendants' answers were therefore due on December 16 and 19, 2022, respectively.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").  All Defendants failed to answer or otherwise appear.  On January 5, 2023, upon Plaintiff's application, ECF Nos. 9, 11, the Clerk of Court issued certificates of default for all Defendants, ECF Nos. 13-14.  Following reassignment of the case to this Court, Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55.  ECF No. 17.  On January 17, 2024, the Court issued an order directing Defendants to show cause as to why a default judgment was not warranted.  ECF No. 25.  On January 23, 2024, Plaintiff served the Court's Order on Defendants.  ECF No. 26.  Defendants did not oppose the Order or otherwise appear.  The Court entered a default judgment against the Defendants and referred the matter to Judge Aaron for an inquest as to damages on March 8, 2024.  *See* ECF Nos. 27-28.

---

[1] The Court incorporates by reference the summary of facts set forth in the Report and Recommendation.

Plaintiff served the Court's Order granting a default judgment on Defendants on March 13, 2025. ECF No. 30.

Pursuant to Judge Aaron's order at ECF No. 29, Plaintiff filed proposed findings of fact and conclusions of law, an affidavit in support of the motion for a default judgment, and an affidavit from Plaintiff's counsel with respect to attorneys' fees on March 26, 2024.  ECF Nos. 33-35.  These materials were served on Defendants the same day.  ECF No. 36.  Judge Aaron issued the 16-page Report and Recommendation on April 23, 2024.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(l)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, NA.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Schiff v. Yayi Int'l Inc.*, No. 15 Civ. 359 (VSB), 2020 WL 3893345, at *2 (S.D.N.Y. July 9, 2020) ("When neither party submits an objection to a report and recommendation, or any portion thereof, a district reviews the report and recommendation for clear error.").  As no party has submitted objections to the Report and Recommendation, review for clear error is appropriate.  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," Report and Recommendation at 16 (emphasis omitted), Defendants did not file any objections to the Report and Recommendation. Thus, Defendants waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Aaron's Report and Recommendation in full. Accordingly, Plaintiff is awarded a total of $440,675.50 in actual and liquidated damages, attorneys' fees, and costs. Plaintiff is entitled to pre-judgment interest on $214,726.00 calculated at the statutory rate of 9% prescribed by C.P.L.R. 5004(a). Plaintiff is further entitled to post-judgment interest calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

Upon the entry of judgment, the Clerk of Court is directed close this case.

SO ORDERED.

Dated: August 31, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge